UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD SCHAD, ADMINISTRATOR OF THE ESTATE OF MARIANNE BALLARD SCHAD,<br>    Plaintiff, | : : : : : | |
| v. | : : | CIVIL ACTION NO.<br>3:06-cv-00809 (VLB) |
| STAMFORD HEALTH SYSTEM, INC., ET AL.,<br>    Defendants. | : : : | November 21, 2007 |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO AMEND [Doc. #35] AND NAMED DEFENDANT'S MOTION TO DISMISS [Doc. #45]**

The plaintiff, Edward Schad, individually and in his capacity as administrator of the estate of his wife, Marianne Ballard Schad, filed this action against the defendants, Stamford Health System, Inc. ("Stamford Health"), and Sun Life Assurance of Canada ("Sun Life")[1] in Connecticut Superior Court. Stamford Health and Sun Life removed the case to this Court, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the case concerns an employee benefit plan subject to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Edward Schad subsequently amended his complaint ("first amended complaint"), claiming that Sun Life had wrongfully denied him benefits under his wife's life insurance policy after her death and that

---

[1] Sun Life has indicated that its correct name is Sun Life Assurance Company of Canada. See Doc. #38, p. 1. However, no party in this case has sought to correct the name that appears on the docket sheet, which is Sun Life Assurance of Canada.

Stamford Health had breached its fiduciary duty to him. [Doc. #22] Edward Schad has filed a motion to amend his complaint a second time. [Doc. #35] Pursuant to Fed. R. Civ. P. 12(b)(6), Stamford Health has filed a motion to dismiss for failure to state a claim upon which relief can be granted. [Doc. #45] For the reasons given below, Edward Schad's motion to amend is GRANTED in part and DENIED in part and Stamford Health's motion to dismiss is GRANTED.

The following facts are relevant to the pending motions. Marianne Ballard Schad was employed by Stamford Health as a nurse and received certain employee benefits, including a life insurance policy administered by Stamford Health and issued by Sun Life. On November 8, 2002, she submitted an "enrollment/change" form on which she selected a policy benefit of two times her annual base salary up to a maximum of $50,000. The form contains the following language next to the box that she checked to indicate the benefit level she selected: "I understand that if I select this option, and I wish to revert to full plan coverage (up to $600,000), it will be necessary to provide Evidence of Insurability, and reinstatement of coverage over the $50,000 limit will be subject to approval by the plan insurer." [Doc. #46, Ex. B]

On November 8, 2003, Marianne Ballard Schad submitted another "enrollment/change" form in order to increase her benefit to two times her annual base salary up to a maximum of $600,000. [Doc. #46, Ex. A] However, she did not submit an "evidence of insurability" form and, therefore, never qualified for the increased benefit. She died on June 9, 2005. Thereafter, Sun Life paid Edward

Schad, who was the beneficiary of his wife's life insurance policy, only $50,000 because his wife had not completed an "evidence of insurability" form when she decided to increase her benefit. The increased benefit would have entitled Edward Schad to collect approximately $176,000.

Edward Schad's first amended complaint states the following two claims: (1) Sun Life wrongfully failed to pay him benefits pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) [Doc. #22, pp. 1-3]; and (2) Stamford Health breached its fiduciary duty to him pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), by failing to ensure that his wife completed an "evidence of insurability" form. [Doc. #22, pp. 3-5] Stamford Health moves to dismiss the claim against it. [Doc. #45] Edward Schad seeks to amend his complaint to add two additional claims against Stamford Health and one additional claim against Sun Life. [Doc. #35] Stamford Health and Sun Life oppose the motion to amend. [Docs. #44, 46] For the sake of clarity, the Court will first address Stamford Health's motion to dismiss [Doc. #45] and then Edward Schad's motion to amend [Doc. #35].

"In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, [the court] accept[s] as true all factual statements alleged in the complaint and draw[s] all reasonable inferences in favor of the non-moving party. . . . In general, [the court's] review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the

3

complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).

Stamford Health moves to dismiss on two grounds: (1) ERISA does not require an employer to ensure that an employee has completed all of the paperwork necessary to qualify for a benefit; and (2) ERISA provides for equitable relief, but not money damages, for a breach of fiduciary duty. As to the second ground, Stamford Health argues that the funds allegedly withheld wrongfully from Edward Schad are proceeds of an insurance policy both issued and payable by Sun Life. As such, any funds wrongfully withheld are in the possession of Sun Life, not Stamford Health.

The Court agrees with Stamford Health's second ground for dismissal. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a), provides: "A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary . . . (B) to obtain other appropriate equitable relief . . . ." "[M]oney damages are unavailable under section 502(a)(3) when the plaintiff does not seek to recover a particular fund from the defendant." Coan v. Kaufman, 457 F.3d 250, 263 (2d Cir. 2006) (quoting Sereboff v. Mid Atlantic Medical Services, Inc., 126 S. Ct. 1869, 1874 (2006)). In the present case, Edward Schad does not seek to recover a particular fund from Stamford Health, and it is clearly established that money damages are not recoverable under § 502(a)(3) of ERISA. Stamford Health's motion to dismiss [Doc. #45] is accordingly GRANTED. Because Edward Schad cannot sue Stamford Health for money damages under § 502(a)(3) of ERISA, the Court does

4

not need to consider Stamford Health's first ground for dismissal, namely, whether Stamford Health's alleged failure to ensure that Marianne Ballard Schad completed all of the paperwork necessary to qualify for the increased life insurance benefit constituted a breach of fiduciary duty under ERISA.

The Court next turns to Edward Schad's motion to amend. [Doc. #35] Edward Schad seeks to add the following claims to his complaint: (1) Stamford Health wrongfully failed to pay him benefits pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) [Doc. #35, pt. 4, pp. 3-6]; (2) Stamford Health's summary plan description (SPD) for the life insurance policy did not comply with § 102(b) of ERISA, 29 U.S.C. § 1022(b), because it failed to explain that an "evidence of insurability" form had to be completed before qualifying for the increased benefit [Doc. #35, pt. 4, pp. 3-6]; and (3) Sun Life also violated § 102(b) of ERISA, 29 U.S.C. § 1022(b), because Stamford Health's SPD did not explain the requirement of the "evidence of insurability" form [Doc. #35, pt. 4, pp. 1-3].

"Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend. . . . A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy, 482 F.3d at 200.

The two new claims that Edward Schad seeks to assert against Stamford Health are one and the same because a defective SPD may cause the wrongful

5

denial of benefits pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). See Wilkins v. Mason Tenders Dist. Council Pension Fund, 445 F.3d 572, 582-83 (2d Cir. 2006). Edward Schad may amend his complaint to state a claim against Stamford Health regarding the SPD pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). The Court finds that Edward Schad has not engaged in bad faith and that the amendment as to Stamford Health will not unduly delay this case because the Court has not yet entered a scheduling order pursuant to Fed. R. Civ. P. 16(b). However, Edward Schad's proposed claim against Sun Life regarding the SPD is futile. The SPD is the responsibility of the plan administrator, Stamford Health, not the insurer, Sun Life. See Lee v. Burkhart, 991 F.2d 1004, 1010 (2d Cir. 1993). Accordingly, Edward Schad may not amend his complaint to state a claim against Sun Life regarding the SPD.

Edward Schad's motion to amend [Doc. #35] is GRANTED in part and DENIED in part. Stamford Health's motion to dismiss [Doc. #45] is GRANTED. The only claims going forward in this case are one count each against Sun Life and Stamford Health for failure to pay benefits pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

                                                              IT IS SO ORDERED.

                                                        /s/
                                          Vanessa L. Bryant
                                          United States District Judge

Dated at Hartford, Connecticut: November 21, 2007.