# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

EDWARD SCHAD, ADMINISTRATOR   :
OF THE ESTATE OF MARIANNE   :
BALLARD SCHAD,   :
     Plaintiff,   :
   :
v.   :     CIVIL ACTION NO.
   :     3:06-cv-00809 (VLB)
   :
STAMFORD HEALTH SYSTEM, INC.,   :
ET AL.,   :
     Defendants.   :     November 3, 2008

## MEMORANDUM OF DECISION ON MOTIONS FOR JUDGMENT ON THE ADMINISTRATIVE RECORD [Docs. #59, 60, 68]

Before the Court are three motions for judgment on the administrative record. The plaintiff, Edward Schad, individually and in his capacity as administrator of the estate of his late wife, Marianne Ballard Schad, seeks payment of certain benefits pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. The defendants, Stamford Health System, Inc. ("Stamford Health"), and Sun Life Assurance of Canada ("Sun Life")[1] argue that Edward Schad is not entitled to those benefits. The Court agrees with Stamford Health and Sun Life. Accordingly, their motions [Docs. #59 and 60] are GRANTED and Edward Schad's motion [Doc. #68] is DENIED.

The Court previously set forth the facts of this case in Schad v. Stamford

---

[1] Sun Life has indicated that its correct name is Sun Life Assurance Company of Canada. See Doc. #38, p. 1. However, no party in this case has sought to correct the name that appears on the docket sheet, which is Sun Life Assurance of Canada.

Health System, Inc., 522 F. Supp. 2d 416 (D. Conn. 2007): "Marianne Ballard Schad was employed by Stamford Health as a nurse and received certain employee benefits, including a life insurance policy administered by Stamford Health and issued by Sun Life. On November 8, 2002, she submitted an 'enrollment/change' form on which she selected a policy benefit of two times her annual base salary up to a maximum of $50,000. The form contains the following language next to the box that she checked to indicate the benefit level she selected: 'I understand that if I select this option, and I wish to revert to full plan coverage (up to $600,000), it will be necessary to provide Evidence of Insurability, and reinstatement of coverage over the $50,000 limit will be subject to approval by the plan insurer.' [Doc. #46, Ex. B]

"On November 8, 2003, Marianne Ballard Schad submitted another 'enrollment/change' form in order to increase her benefit to two times her annual base salary up to a maximum of $600,000. [Doc. #46, Ex. A] However, she did not submit an 'evidence of insurability' form and, therefore, never qualified for the increased benefit. She died on June 9, 2005. Thereafter, Sun Life paid Edward Schad, who was the beneficiary of his wife's life insurance policy, only $50,000 because his wife had not completed an 'evidence of insurability' form when she decided to increase her benefit. The increased benefit would have entitled Edward Schad to collect approximately $176,000." Id. at 418.

In ruling on motions filed earlier in this case, the Court concluded that "[t]he only claims going forward in this case are one count each against Sun Life

and Stamford Health for failure to pay benefits pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B)." Id. at 419-20. Thereafter, the parties filed the present motions for judgment on the administrative record.

The parties agree that the life insurance policy at issue in this case is governed by an ERISA plan in which Stamford Health has discretionary authority to determine eligibility for benefits. Pursuant to the plan, Stamford Health delegates its authority to Sun Life. The scope of the Court's review derives from the ERISA plan's grant of discretionary authority to Stamford Health and Sun Life. "[W]here the written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, [the Court] will not disturb the administrator's ultimate conclusion unless it is arbitrary and capricious. . . . Under this highly deferential standard of review, this Court cannot substitute its judgment for that of the [p]lan [a]dministrator and will not overturn a decision to deny or terminate benefits unless it was without reason, unsupported by substantial evidence or erroneous as a matter of law." Fuller v. J.P. Morgan Chase & Co., 423 F.3d 104, 106-107 (2d Cir. 2005).

Edward Schad argues that Sun Life should have paid him the increased benefit of $176,000 because Stamford Health's summary plan description (SPD) for the life insurance policy failed to explain that his wife needed to complete the "evidence of insurability" form in order to qualify for the increased benefit. Stamford Health and Sun Life appear to concede that the SPD did not explain the disputed requirement. However, they argue that even if the SPD was deficient,

Edward Schad must demonstrate that it prejudiced him. The United States Court of Appeals for the Second Circuit has set forth the relevant standard: "Cognizant of ERISA's distribution of benefits, [the court] require[s], for a showing of prejudice, that a plan participant or beneficiary was likely to have been harmed as a result of a deficient SPD. Where a participant makes this initial showing, however, the employer may rebut it through evidence that the deficient SPD was in effect a harmless error." Burke v. Kodak Retirement Income Plan, 336 F.3d 103, 113 (2d Cir. 2003). The Second Circuit also requires a showing of likely prejudice when there is a "complete absence of an SPD." Weinreb v. Hospital for Joint Diseases Orthopaedic Inst., 404 F.3d 167, 171 (2d Cir. 2005). "Where a plan administrator fails to fulfill its statutory duty of furnishing an SPD, but where the evidence shows that the claimant had actual knowledge of the requirement at issue, any error is necessarily harmless. . . . Although ERISA's SPD requirement places the burden of communicating eligibility conditions on the employer . . . it would be unfair to hold the employer liable when a claimant fails to adhere to a known plan requirement through procrastination, indecision, or the like . . . ." Id. at 171-72.

Stamford Health and Sun Life argue that Marianne Ballard Schad had actual knowledge of the "evidence of insurability" requirement on November 8, 2002, when she filled out the first "enrollment/change" form on which she selected the lower policy benefit of up to $50,000. The Court agrees with that argument. The "enrollment/change" form clearly explained that "evidence of

4

insurability" would be needed if the employee later decided to accept the higher policy benefit of up to $600,000.  However, on November 8, 2003, Marianne Ballard Schad filled out the second "enrollment/change" form in order to increase her policy benefit to a maximum of $600,000 but never provided "evidence of insurability."  Her actual knowledge of the "evidence of insurability" requirement renders any defect in the SPD necessarily harmless.  Id.  It follows that the decision to deny Edward Schad the increased benefit amount was not arbitrary and capricious.

The motions for judgment on the administrative record filed by Stamford Health and Sun Life [Docs. #59, 60] are GRANTED.  The motion for judgment on the administrative record filed by Edward Schad [Doc. #68] is DENIED.  The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge


Dated at Hartford, Connecticut:  November 3, 2008.